IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| **DENEAL F. FISHER, et al.,** | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-11-1355 |
| **AEROTEK, INC.,** | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

*I. Introduction*

Plaintiffs Deneal F. Fisher and Shawntay D. Williams sued their former employer, Aerotek, Inc., in Maryland state court, alleging violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, wrongful termination in violation of Maryland public policy, and intentional infliction of emotional distress. (Compl., ECF No. 2.) Defendant removed the case to this Court, invoking the Court's federal question jurisdiction. (ECF No. 1.) Defendant has filed a motion for summary judgment (ECF No. 40) on all six of Plaintiff's counts. Plaintiffs moved to dismiss all but the Title VII counts voluntarily (ECF No. 36), and this Court granted Plaintiffs leave to amend their Complaint (ECF No. 54) to include only the Title VII counts. Subsequently, Defendant moved to adopt pertinent portions of its motion for summary judgment (ECF No. 40) as applicable to the Title VII counts of the second amended complaint. That motion will be granted, and the relevant portions of Defendant's motion for summary judgment (ECF No. 40), as well as Plaintiffs' opposition (ECF No. 51) and Defendant's reply (ECF No. 52), will be considered applicable to the second amended complaint (ECF No. 55). This Court

has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1441. The matter has been briefed by the parties (ECF Nos. 40, 51 & 53), and no hearing is required, Local Rule 105.6 (D. Md. 2011). Defendant's motion will be granted on both counts.

Defendant has also filed a motion for sanctions against Plaintiffs' counsel, contending he acted in bad faith by refusing to dismiss Plaintiffs' race discrimination claims after notice of the claims' frivolous nature and request for dismissal from Defendant's counsel. (ECF No. 41.) This motion will be denied as will Plaintiffs' countermotion for sanctions (ECF No. 51).

## II. Facts

The undisputed facts are as follows. Plaintiffs were employees of Defendant, with Williams working for Defendant beginning sometime in 2006 and Fisher working for Defendant beginning in April of 2008. (Second Am. Compl. ¶¶ 8, 7, ECF No. 55; Answer ¶¶ 8, 7, ECF No. 11.) Plaintiffs worked as Business Operations Associates, in which capacity they were tasked with calling Defendant's clients, inquiring into the status of payments due to Defendant by such clients, and taking detailed notes of the information that the clients told them. (Def.'s Mem. Supp. Mot. Summ. J. 2–3, ECF No. 40.) Plaintiffs copied and pasted[1] notes from some calls, in many cases creating the impression that they had contacted a client when in fact they had not. (*See, e.g.,* Def.'s Ex. E, Williams Call Records 8; Def.'s Ex. F, Fisher Call Records 33.) Plaintiffs' supervisor, Deborah Vandevort, told Ms. Williams that it would be acceptable to copy and paste limited information in one particular instance. (Def.'s Ex. A, Williams Dep. 107:15–108:1, 109:19–110:19, Oct. 19, 2011, ECF No. 40.) Ms. Vandevort never gave Plaintiffs general permission to copy and paste client information. (*See id.* 110:4–110:19.) Ms. Vandevort never gave Ms. Fisher *any* instructions on the subject of copying and pasting—Ms. Fisher received her "instructions" on copying and pasting only through Ms. Williams's account of Ms. Vandevort's

---

[1] For the purposes of this Memorandum, "copying and pasting" refers to electronic copying and pasting.

instructions.  (Def.'s Ex. B, Fisher Dep. 71:1–73:13, Oct. 19, 2011.)  Plaintiffs were discharged on or about July 23, 2008.  (Def.'s Mem. 5; Pl.'s Resp. 2, ECF No. 51.)  Following their discharge, Plaintiffs each filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging unlawful discrimination based on their race (African-American for each Plaintiff).  (Def.'s Mem. 5; Pl.'s Resp. 2.)  The EEOC found in favor of Plaintiffs (Pl.'s Resp. 2), but the parties failed to reach a settlement.

### III.  *Legal Standard—Motion for Summary Judgment*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)).  The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment.  *Id.* at 252.  The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1).  Supporting and opposing affidavits are to be made on personal

knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

*IV. Analysis*

Pursuant to this Court's Order of February 7 granting Plaintiffs' motion for leave to amend the complaint, the only counts remaining are those for unlawful termination under Title VII. Plaintiffs have made it clear that their termination is the only adverse action that forms the basis of their allegations against Defendant. (Def.'s Ex. A, Williams Dep. 78:12–79:5; Def.'s Ex. B, Fisher Dep. 95:5–97:7.)

To avoid summary judgment on a claim of discriminatory termination, a plaintiff who cannot show direct evidence of discrimination must establish a *prima facie* case by demonstrating that (1) she is a member of a protected class, (2) she was terminated, (3) her performance at the time of her termination met her employer's legitimate expectations, and (4) either the position remained open or similarly qualified applicants outside the protected class filled it. *See Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) (citing *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004) (en banc)). If the plaintiff establishes a *prima facie* case, the employer must articulate a legitimate, non-discriminatory reason for the plaintiff's termination. *See* 629 F.3d at 386. If the employer does so, the plaintiff must then demonstrate that the proffered reason was merely a pretext for unlawful discrimination. *See id*.

Defendant does not dispute that Plaintiffs meet the first two elements of the *prima facie* case, and Defendant makes no argument regarding the third element. (*See* Def.'s Mem. 8–12.) However, Plaintiffs' claims fail based on the fourth element. The closest that Plaintiffs come to alleging disparate treatment is in their assertion that Ms. Vandevort, who is white and who supposedly sanctioned Plaintiffs' conduct, was promoted after Plaintiffs were terminated.

(Second Am. Compl. ¶ 15.) Plaintiffs have not alleged, let alone offered evidence to prove, either that their positions remained open or that non-African-American individuals filled them. Ms. Vandevort's promotion does nothing for Plaintiffs' case for two reasons. First, Ms. Vandevort, as Plaintiffs' supervisor, was not similarly situated to Plaintiffs. Second, Ms. Vandevort did not engage in the conduct for which Plaintiffs were terminated. Rather, she gave an instruction to Ms. Williams, which Ms. Williams misconstrued (whether deliberately or otherwise) and passed on to Ms. Fisher. (*See* Def.'s Ex. A, Williams Dep. 107:15–108:1, 109:19–110:19; Def.'s Ex. B, Fisher Dep. 71:1–73:13.) In short, Plaintiffs have not presented any evidence tending to show that their termination was based on their race rather than on a different, permissible factor.

Even assuming, *arguendo*, that Plaintiffs have put forth a *prima facie* case of unlawful termination based on race, Defendant has carried its burden by proffering a legitimate, non-discriminatory reason for terminating Plaintiffs: Plaintiffs' falsification of company records. Plaintiffs do not deny that they engaged in the conduct that was Defendant's stated reason for terminating them. (*See* Second Am. Compl. ¶¶ 11–12.) Regardless of whether Plaintiffs intended to falsify company records, their copying and pasting of notes demonstrates, at the very least, a fundamental misunderstanding of Plaintiffs' responsibilities as Defendant's employees to make accurate records of their calls. This misunderstanding—or worse—on Plaintiffs' part was sufficient reason for Defendant to terminate them. Because Defendant has put forth a legitimate, non-discriminatory reason for terminating Plaintiffs, Plaintiffs (again, assuming that they have put forth a *prima facie* case) must show that Defendant's proffered reason was not the actual reason and that the real reason for the termination was Plaintiffs' race. *See Bonds*, 629 F.3d at 386 (citing *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006)). Plaintiffs have not

shown either. As stated above, Plaintiffs did not deny that they copied and pasted notes of calls in a misleading fashion. Neither have Plaintiffs presented any evidence tending to show that their race was the actual reason for their termination.

Plaintiffs have failed to put forth a *prima facie* case of unlawful termination based on race. No comparator individuals exist to substantiate Plaintiffs' claims that they were treated differently because of their race. Even if Plaintiffs had put forth a *prima facie* case, Defendant would still be entitled to summary judgment based on its legitimate, non-discriminatory reason for terminating Plaintiffs and Plaintiffs' failure to demonstrate pretext. Because Plaintiffs have failed to create a triable issue of fact, the Court will grant summary judgment to Defendant on Plaintiffs' frivolous unlawful termination counts.[2]

## V. *Motion for Sanctions*

Defendant's motion for sanctions against Plaintiffs' counsel is filed under the auspices of 28 U.S.C. § 1927, which provides for an award of attorney's fees against counsel who "multiplies the proceedings in any case unreasonably and vexatiously." The statute "'does not distinguish between winners and losers, or plaintiffs and defendants'" and "'is indifferent to the equities of a dispute.'" *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 762 (1980)). In other words, § 1927 "focuses on the conduct of the litigation and not on its merits." *DeBauche*, 191 F.3d at 511. The decision whether or not to grant a motion for sanctions under § 1927 is within the discretion of the district court. *See Newport News Holdings Corp. v. Virtual City Vision, Inc.*, 650 F.3d 423, 443 (4th Cir.), *cert. denied*, 132 S. Ct. 89 (2011) (Court of Appeals reviews district court's decision to award § 1927 sanctions under abuse-of-discretion standard). *See also Moody v. Arc of Howard*

---

[2] In light of its ruling on the merits of Plaintiffs' discrimination claims, the Court finds it unnecessary to address Defendant's argument regarding judicial estoppel of Ms. Williams's claim.

*County*, Civ. No. JKB-09-3228, 2011 WL 2671385 (D. Md. July 7, 2011) (exercising discretion to impose sanctions after plaintiff's counsel engaged in abusive and vexatious conduct).

While it is important that district courts not "casually" impose sanctions on Title VII plaintiffs or their counsel, it is also important that "no litigant . . . be allowed to abuse federal courts or opposing litigants with impunity." *Blue v. U.S. Dep't of Army*, 914 F.2d 525, 534 (4th Cir. 1990). The Fourth Circuit instructed in *Blue* that "dismissal of a frivolous Title VII case on the merits should be a first option, whereas imposition of sanctions should be a matter of last resort." *Id.* at 535. Nevertheless, the court held that the existence of a *prima facie* case of discrimination did not render a Title VII plaintiff or plaintiff's counsel immune from sanctions for filing a frivolous lawsuit. *See id.* at 537.

The Court concludes the instant case is not a case of last resort. That is not to say sanctions would be wholly inappropriate. Plaintiffs' counsel's conduct in continuing to press this case after Plaintiffs' deposition testimony rendered the case unmeritorious comes close to the line for sanctions. Two factors can be found in Plaintiffs' counsel's favor, although they are slim reeds indeed. First, the EEOC finding was consistent with Plaintiffs' claims of discrimination. The Court takes issue with Plaintiffs' characterization of the EEOC determination as "in itself, . . . sufficient to withstand a motion for summary judgment." (Pls.' Opp. & Counter Mot. Sanctions 3, ECF No. 51.) Plaintiffs cite no authority for this proposition with which the Court strongly disagrees since the case before the Court is an independent proceeding governed by evidentiary standards not applicable to EEOC proceedings. The Court does not defer to a determination by the EEOC. Second, although the Court rightly concludes that Ms. Vandevort is not a comparator for purposes of establishing a *prima facie* case of discrimination, her race (white) and her different treatment provide a modest rationale for

Plaintiffs' decision to press ahead with their claims despite their lack of merit. These two factors provide the least imaginable sufficient basis for continued litigation. Accordingly, the motion for sanctions will be denied. Plaintiffs' baseless countermotion for sanctions against Defendant will also be denied.

## *V. Conclusion*

For the foregoing reasons, the Court will grant Defendant's motion for summary judgment (ECF Nos. 40 & 56) on both counts of the second amended complaint and deny Defendant's motion for sanctions (ECF No. 41) and Plaintiffs' countermotion for sanctions (ECF No. 51).

DATED this  14th  day of February, 2012.

BY THE COURT:

　　　　　　　/s/
James K. Bredar
United States District Judge